IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| $45,000.00 in U.S. Currency, | No. 3:24-CV- |
| Defendant in Rem. | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $45,000.00 in U.S. currency ("Defendant Property"):

## NATURE OF THE ACTION

1.      This is a forfeiture action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). The United States seeks the forfeiture of the Defendant Property, under 21 U.S.C. § 881(a)(6), because it is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. The Defendant Property also is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1).

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and in rem jurisdiction is proper under 28 U.S.C. § 1355(b).

3.      Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b) because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas, and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

**PARTIES**

4.      The Plaintiff is the United States of America.

5.      The Defendant Property is $45,000.00 in U.S. currency. The Defendant Property was seized from Kenneth McClain at the Dallas Love Field Airport in Dallas, Texas, on July 30, 2023. On August 7, 2023, the Defendant Property was deposited into a seized asset deposit fund account at the Federal Reserve Bank.

6.      Kenneth McClain filed a claim to the Defendant Property in the Federal Bureau of Investigation's administrative forfeiture proceeding against the Defendant Property on October 30, 2023.

**FACTS**

7.      A primary responsibility of the Dallas Division of the Federal Bureau of Investigation (FBI) and the Dallas Police Department (DPD) – Dallas Love Field Interdiction Group is to conduct a joint investigation related to airport contraband

smuggling via commercial airliners and overland bulk cash smuggling through passenger buses originating from or destined for Dallas. The Interdiction Group investigates the use of the Dallas Love Field Airport and the airlines that service the airport to perpetrate or facilitate drug trafficking crimes, including the transportation of illegal narcotics and the proceeds of such narcotics.

8.    Those trafficking in illegal narcotics often hire couriers to transport narcotics or the proceeds from the sale of narcotics. Traffickers or their couriers will use air travel to accomplish their illegal purpose. Transporting cash obtained through narcotic sales via airplane allows drug traffickers to keep their ill-gotten gains "off the books" and outside the banking system, which they know is regularly monitored by banking and governmental authorities.

9.    Investigators with the Interdiction Group are specially trained and learn by experience how to identify those who are using the federal aviation system to facilitate narcotic trafficking.

10.   On July 30, 2023, law enforcement officers of the Interdiction Group were contacted by a Transportation Security Administration (TSA) agent working at Dallas Love Field Airport.

11.   The TSA agent informed the task force officers about a large amount of United States currency that was concealed inside a piece of checked luggage.

12.     The checked luggage was associated with a Southwest Airlines flight traveling to Oakland, California, and the luggage belonged to passenger Kenneth McClain.

13.     The luggage had a baggage tag bearing the name "Kenneth McClain."

14.     The checked luggage raised concerns for the TSA agent when the x-ray of the luggage revealed an anomaly.

15.     Inside the luggage was a welder, and it appeared on the x-ray that something was concealed inside the welder.

16.     When conducting a visual inspection of the contents of the luggage, the TSA agent noticed that the screws on the welder had been tampered with.

17.     The TSA agent removed the screws, opened the welder, and found concealed inside the welder three rubber-banded bundles of currency totaling $45,000.00. These bundles of U.S. currency are depicted here:



18.     Black tape had been placed over the inside vents of the welder so that the inside of the welder could not be seen.

19.     Additionally, an electronic tracker had been attached to the inside of the luggage underneath the fabric. The electronic tracker concealed inside the luggage is depicted here:



20.     After being contacted by the TSA agent, the task force officers arrived at the scene and talked with the TSA agent about the situation.

21.     The task force officers then deployed a narcotics canine that is trained to detect the odor and/or presence of cocaine, heroin, marijuana, and/or methamphetamine.

22.     The canine positively alerted to the odor of narcotics emitting from the luggage in which the currency had been concealed.

23.     In his experience, the undersigned law enforcement officer is aware that individuals often will hide currency in order to avoid detection by TSA screening equipment or law enforcement.

24.     Due to the extensive lengths taken to conceal the currency inside a welder within the luggage, the presence of an electronic tracker concealed inside the luggage underneath the fabric, and the positive alert from the narcotics canine, the Defendant Property was seized.

25.     Kenneth McClain was not arrested.

26.     The money seized from Kenneth McClain totaled $45,000.00. In the undersigned law enforcement officer's experience, possession of such a large amount of currency is not typical of legitimate airport travelers.

## FIRST CAUSE OF ACTION
### 21 U.S.C. § 881(a)(6)
### (forfeiture of property related to drug trafficking)

27.     The United States of America reasserts all allegations previously made.

28.     Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 *et seq.* are subject to forfeiture.

29.     Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." An attempt or conspiracy to do the same is prohibited by 21 U.S.C. § 846.

30.     As set forth above, the Defendant Property is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. This property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CAUSE OF ACTION
### 18 U.S.C. § 981(a)(1)(C)
### (forfeiture related to violation of the Travel Act)

31.     The United States of America reasserts all allegations previously made.

32.     Under 18 U.S.C. § 981(a)(1)(C), any property that constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States of America.

33.     Under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), interstate travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952 is a "specified unlawful activity."

34.     18 U.S.C. § 1952(a) prohibits, among other things, any individual who uses "any facility in interstate or foreign commerce, with intent to–"

> (1) distribute the proceeds of any unlawful activity; or
>
> . . .
>
> (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity

from thereafter performing or attempting to perform an act described in subparagraph (1) or (3) above.

35.     18 U.S.C. § 1952(b) specifically includes within the definition of "unlawful activity" "any business enterprise involving . . . narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act)."

36.     As set forth above, the Defendant Property is property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952. This property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(l)(C).

## **REQUEST FOR RELIEF**

WHEREFORE, the United States of America respectfully asserts that the Defendant Property is forfeitable to the United States of America under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

The United States of America further requests:

A.     That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b), the Clerk of the

Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property;

B.      That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

C.      That a Judgment of Forfeiture be decreed against the Defendant Property;

D.      That, upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

E.      That the United States of America receives its costs of court and all further relief to which it is entitled.

DATED this 26th day of January 2024.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

__/s/ John Penn_____
JOHN PENN
Assistant United States Attorney
Indiana Bar No. 28722-29
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: john.penn@usdoj.gov
ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Special Agent with the Federal Bureau of Investigation ("FBI"). As a Special Agent with the FBI, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed this 26th day of January 2024.


_____
Special Agent Jacob Banda
Federal Bureau of Investigation