IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | No. 3:24-CV-204-X |
| $45,000.00 U.S. CURRENCY, <br> Defendant. | § <br> § <br> § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Compel[] United States of America to Respond to Request for Discovery filed by Claimant Kenneth McClain, who is proceeding in this action pro se. (Dkt. No. 31 ("Mot.").) The government filed a response. (Dkt. No. 34.) United States District Judge Brantley Starr referred the motion to the undersigned magistrate judge for a hearing, if necessary, and determination. (Dkt. No. 32.) The motion is **DENIED** for reasons explained below.

## I. BACKGROUND

The government filed this in rem action on January 26, 2024, seeking forfeiture of $45,000 seized from McClain's luggage at the Dallas Love Field Airport on July 30, 2023. (*See* Dkt. No. 1 ("Compl.") ¶ 5.) The government alleges that the money is property relating to drug trafficking that is subject to forfeiture under 21 U.S.C. § 881(a)(6) or is property that constitutes or is derived from proceeds traceable to a specified unlawful activity under 18 U.S.C. § 981(a)(1)(C). (*Id.* ¶¶ 27-36.)

Judge Starr entered the original scheduling order on March 26, 2024. (Dkt. No. 12.) It stated that "[a]ll discovery procedures shall be initiated in time to complete discovery by September 23, 2024." (*Id.* at 2.) On September 26, 2024, Judge Starr entered an Amended Scheduling Order on the government's motion (*see* Dkt. No. 19) and provided that "[a]ll discovery procedures shall be initiated in time to complete discovery by October 21, 2024." (Dkt. No. 20 at 1.)

On November 8, 2024, Judge Starr denied without prejudice a government motion to compel discovery responses from McClain and, in doing so, further extended the discovery deadline until December 6, 2024. (Dkt. No. 27 at 2.)

McClain alleges in the instant motion to compel that he informed government's counsel in a phone call on November 19, 2024 that he planned to submit a set of interrogatories to the government on November 22, 2024. (Mot. at 2.) On November 27, 2024, the government objected to the interrogatories, in part because the discovery was served within 30 days of the discovery deadline. (*Id.* at 2-3.) McClain now seeks an order pursuant to Fed. R. Civ. P. 37 compelling the government to respond to the interrogatories.

## II. LEGAL STANDARDS AND ANALYSIS

A party may move for an order compelling an answer if a party fails to answer an interrogatory submitted under Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii). Rule 33(b)(2) provides that a party responding to interrogatories "must serve its answers and any objections within 30 days after being

served with the interrogatories," but it recognizes that a shorter or longer period may be stipulated to by the parties or ordered by the court. The parties have not modified the 30-day deadline in this case by stipulation, nor has the Court modified it.

McClain does not clearly state the date when he served interrogatories on the government, but he alleges that he informed the government on November 19, 2024, that he intended to serve them on November 22. (Mot. at 2.) In a letter objecting to McClain's interrogatories, counsel for the government averred that McClain personally delivered the interrogatories to the U.S. Attorney's Office on November 22. (Dkt. No. 34 at ECF p. 18.)

At the time McClain delivered the interrogatories to the government, the discovery deadline was December 6, 2024. (*See* Dkt. No. 27 at 2.) Because the discovery deadline was only 15 days away—half of the 30 days required by Rule 33—his discovery was untimely. *See Fuller v. CIG Fin., LLC*, No. 3:22-CV-1289-D, 2023 WL 6931342, at *2 (N.D. Tex. Oct. 19, 2023) (collecting cases and noting that "[m]any courts (including judges of this court) have held that discovery requests are untimely when . . . they are served fewer than 30 days before the discovery deadline").

McClain contends that he understood the scheduling order's discovery deadline to be satisfied so long as he propounded discovery by the stated deadline. (Mot. at 4.) He argues that his understanding was a reasonable one for three reasons. First, he suggests that the order can be read as requiring that discovery be

initiated by December 6.  Second, he asserts that the reasons underlying entry of the November 8 order support his view.  Third, he posits that a contrary understanding of the discovery-deadline extension would create a "loophole" in the government's favor, allowing the government to receive discovery but precluding him from taking discovery.

     The plain language of the scheduling orders and other matters in the record disprove the reasonableness of McClain's claimed understanding of the discovery deadline.  Consistent with the original scheduling order and prior amendment (*see* Dkt. Nos. 12 at 2, 20 at 1), the Amended Scheduling Order entered November 8, 2024, provided that "[a]ll discovery procedures shall be initiated in time to complete discovery by December 6, 2024."  (Dkt. No. 27.)  McClain wishes to read this language as though it requires all discovery procedures to be initiated by December 6, but that is plainly contrary to the text of the order.  Rather, the date squarely focuses on the *completion* of discovery and instructs parties to initiate discovery in time for it to be completed by that date.

     Additionally, the express reason for the November 8 amended scheduling order does not support McClain's professed belief that it was entered at least in part to allow him to take discovery.  McClain says he "was under the impression that he still could submit discovery . . . within the 30 day deadlines" but had only 28 days from the amended scheduling order.  (Mot. at 6.)  His impression, he avers, was supported the statement "encourag[ing] all parties to ensure discovery requests and

-4-

responses are timely sent and received by the opposing party." (Mot. at 6 (quoting Dkt. No. 27 at 1).) In his view, the Court would not have encouraging parties to timely send discovery requests if discovery could not be sent. McClain fails to take into consideration that the parties could shorted the response deadline by agreement—which they did not do—and, in any event, the statement he points to did not nullify the clear instruction to initiate discovery in time to have it completed by December 6. Even viewing the statement McClain relies on as created an ambiguity, the rest of the order and Rule 33 readily resolve that ambiguity against McClain. After all, the stated purpose of the extension of deadlines on November 8 was "[t]o allow time for McClain *to respond*" to discovery. (Dkt. No. 27 at 1 (emphasis added).) It is evident from the absence of any other stated reason for the extensions that the amended scheduling order was not reviving a lapsed opportunity for McClain to take discovery (unless the parties agreed to a shorter response time).

Finally, reading the November 8 amended scheduling order as it was clearly intended does not create a "loophole" that unfairly favors the government. (*See* Mot. at 7.) The November 8 order was precipitated by a government motion to compel McClain's responses to timely interrogatories that he failed to answer. (*See* Dkt. No. 25.) McClain affirmatively requested an extension to respond to those interrogatories. (Dkt. Nos. 26 at 2, 27 at 1.) Judge Starr granted McClain's request for additional time, thus obviating the need to rule on a motion to compel that might have subjected McClain to sanctions. *See* Fed. R. Civ. P. 37(d)(1)(ii), (d)(3). (*See*

Dkt. No. 27 at 1.)  Giving McClain the additional time he sought to respond to discovery without sua sponte giving him even more time he did not ask for to accomplish something he did not mention—i.e., to propound discovery—did not create a "loophole" or otherwise unfairly benefit the government.

By McClain's own account, "has not had a fast 'reaction time'" litigating this case.  (*See* Mot. at 1.)  Indeed, he had six months during which he could serve interrogatories, but he did not do so until about two weeks before the twice-extended discovery deadline.  (*See* Dkt. Nos. 12 at 2, 20 at 1.)  McClain has not manifested a level of diligence even approaching what is required to establish good cause for further modification of the scheduling order.  *See Milteer v. Navarro Cnty., Texas*, No. 3:21-CV-2941-D, 2023 WL 418161, at *2 (N.D. Tex. Jan. 25, 2023).  Because McClain's motion to compel seeks an order compelling the government to submit answers to interrogatories that were untimely under the applicable scheduling order, it should not be granted.

### III.  CONCLUSION

McClain's motion to compel (Dkt. No. 31) is **DENIED**.

**SO ORDERED** on June 23, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE